IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JERRY LEOS, ID # 311457,        )
       Petitioner,       )
vs.                      )      No. 3:04-CV-1274-G
                      )
DOUGLAS DRETKE, Director,    )
Texas Department of Criminal    )
Justice, Correctional Institutions Division,  )
       Respondent.    )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementa-tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

**A.  <u>Nature of the Case</u>:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B.  <u>Parties</u>:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  Respondent is Douglas Dretke, Director of TDCJ-CID.

**C.  <u>Procedural History</u>:**  On October 15, 1980, petitioner was convicted and sentenced to concurrent thirty-nine year sentences in Cause Nos. W80-04105-M(C) and W80-04487-M(D).  (Pet. Writ of Habeas Corpus (Pet.) at 2.)  On April 28, 1998, petitioner's parole was revoked due to his arrest for aggravated assault.  (*Id.* ¶ 13; Mem. Supp. at 3.)

In October 2000, the Court received a federal petition challenging the 1998 parole revo-cation.  *See Leos v. Cockrell*, No. 3:00-CV-2343-P (N.D. Tex. filed Oct. 25, 2000).  In that petition,

petitioner complained about a denial of previously-accrued good time credit; a violation of double jeopardy; an extended sentence beyond the sentence imposed by the court; service of sentence in installments; enforcement of a contract of adhesion; and a violation of the separation of powers doctrine. *Id.* On February 26, 2002, the Court denied the October 2000 petition. *Id.* (Judgment).

On June 10, 2004, the Court received the instant federal petition again challenging the April 1998 revocation. (Pet. at 1-2.) He raises three claims therein: (1) he is not guilty of the aggravated assault charge that led to the revocation of his parole; (2) no evidence supports such revocation; and (3) the Texas Court of Criminal Appeals abused its discretion when it dismissed his state writ on April 14, 2004. (*Id.* at 7.) He contends that he could not have raised these claims in his prior federal habeas action because the claims are predicated upon a July 25, 2003 state order which expunged from petitioner's state and federal records any and all documents pertaining to the aggravated assault that formed the basis for the revocation of petitioner's parole. (*See* Mem. Supp. at 3, 7-8.)

Because petitioner has filed a previous federal petition, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir.), *cert. denied*, 540 U.S. 910 (2003); *accord United States v. Orozco-Ramirez*, 211

F.3d 862, 867 (5th Cir. 2000).[1]  A petition that is literally second or successive, however, is not necessarily a second or successive application for purposes of the AEDPA.  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998).  In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion.  *Id.*  "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.

The limitation on the filing of a second or successive petition in federal court applies whether the petitioner raises claims to invalidate his underlying conviction or claims related to a revocation of probation.  *See Pritchard v. Henderson*, 440 F.2d 660, 660-61 (5th Cir. 1971) (probation case).[2]  Because there is no difference between the parole and probation revocation processes, *see Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), the limitation on the filing of a second or successive petition likewise applies to petitions that raise claims related to a revocation of parole.

In *McGary v. Scott*, 27 F.3d 181 (5th Cir. 1994), the Fifth Circuit Court of Appeals stated that, "[t]he law requires federal habeas petitioners to assert in their first habeas application all claims known of, all claims that should have been known of, and all claims that had been known of."  27

---

[1]  Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4.  In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

[2]  Although the Fifth Circuit decided *Pritchard* before the AEDPA came into existence, its rationale is equally applicable to the successive provision of the AEDPA and it is appropriate to consider pre-AEDPA law to interpret that provision. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (applying pre-AEDPA law to a federal petition filed prior to the AEDPA's enactment but specifically noting that "we do not suggest the definition of second or successive would be different under AEDPA"); *Stewart*, 523 U.S. at 640-46 (using pre-AEDPA law to interpret AEDPA's provision governing "second or successive habeas applications").

F.3d at 185.  In *Crone*, the Fifth Circuit reaffirmed its "strong policy against piecemealing claims" set forth in *McGary*.  *See* 324 F.3d at 337.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion.  Under *Orozco-Ramirez*, *McGary*, and *Crone*, petitioner therefore was required to present all available claims in his earlier federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner challenged his parole revocation in his previous federal petition.  Herein, he again specifically challenges the revocation, albeit on different grounds.  Although petitioner argues otherwise, the factual basis for his current first claim occurred prior to the filing of his first federal petition in October 2000.  At the time that his parole was revoked, petitioner would have known the factual basis for his claim that he was not guilty of aggravated assault.  He would have known that he was neither charged nor prosecuted for that offense.  There is no apparent reason why petitioner could not have raised his current first claim in his previous federal petition.  Because the instant petition raises a claim that petitioner could have raised in his previous petition, the instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b).

With regard to petitioner's current third claim, he could not have raised this claim when he filed his October 2000 federal petition.  However, this does not affect whether the application is

successive.[3]  An application is either successive or not.  The statute specifically restricts the filing of a second or successive *application*.  *See* 28 U.S.C. § 2244(b)(3) (emphasis added).  The Fifth Circuit has specifically determined that *an application* is second or successive when it raises *a claim* that was or could have been raised in an earlier petition.  *Orozco-Ramirez*, 211 F.3d at 867 (emphasis added); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam).  In *Crone*, the Fifth Circuit also specifically spoke in terms of whether an *application* was successive.  324 F.3d at 837-38 (emphasis added).  Furthermore, the United States Supreme Court has recognized the distinction between "application" and "claim", albeit in a different, but analogous, context.  *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (discussing procedurally defaulted claims in conjunction with "properly filed" applications).  "A 'mixed-application' that contains claims that could have been raised previously and claims that could not have been so raised is nevertheless successive."  *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001).

"This Court does not parcel out and decide claims from a successive petition, even if the application contains claims that could not have been raised previously."  *Cooper*, 2003 WL 21517824, at *2; *Hubbard*, 2001 WL 1148274, at *2.  In *Orozco-Ramirez*, the Fifth Circuit undertook a claim-by-claim analysis to determine whether specific claims were successive.  *See* 211 F.3d at 869-70.  This Court, however, lacks jurisdiction to consider a successive application or petition, unless the Fifth

---

[3]  Nor does petitioner's current second claim affect whether the instant petition is successive.  In a broad sense, the claim alleges insufficiency of the evidence to support the parole revocation.  Although the factual basis for such a claim clearly arises at the time of revocation, petitioner attempts to narrowly tailor his claim by stating that no evidence exists to support the revocation due to the case file being subsequently expunged.  Because petitioner certainly could have raised his first claim in his prior petition, the Court finds no need to definitively determine whether he could have raised his second claim in his prior petition.

Circuit Court of Appeals grants petitioner authorization to file such petition. *See* 28 U.S.C. § 2244(3)(A); *accord Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Only if authorization is granted by the appellate court is this Court vested with the jurisdiction necessary to undertake a claim-by-claim analysis. In fact, this Court would then be required to undertake such an analysis. *See In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (holding that the district court "must conduct a 'thorough' review to determine if the motion 'conclusively' demonstrates that it does not meet AEDPA's second or successive motion requirements"); *Reyes-Requena v. United States*, 243 F.3d 893, 898-99 (5th Cir. 2001) (same); 28 U.S.C. § 2244(b)(4) (directing the district courts to "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section); *see also* 28 U.S.C. §§ 2244(b)(1) (requiring the district court to dismiss any claim "presented in a second or successive habeas application under section 2254 that was presented in a prior application") and 2244(b)(2) (requiring the district court to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" unless the applicant makes a certain showing set forth in the statute).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based

6

on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 25th day of July, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8